IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv32

| | | |
|---|---|---|
| DAMIEN DERALE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER and NOTICE |
| | ) | |
| MECKLENBURG COUNTY JAIL; | ) | |
| (FNU) YOUNGBLOOD, Captain, Mecklenburg County Jail; | ) | |
| (FNU) YOUNG, Captain, Mecklenburg County Jail; and | ) | |
| (FNU) McELVEA, Deputy Officer, Mecklenburg County Jail, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 14). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se of his obligation to respond to Defendants' Motion.

In responding to a Motion to Dismiss under Rule 12(b)(6), Plaintiff must show that he has made sufficient allegations to support a cause of action which is recognized by law. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive such a Motion, Plaintiff must show that his complaint contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. at 1949. In considering Plaintiff's Complaint, the Court "'need not accept [his] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).

Plaintiff is further advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the Motion to Dismiss, so long as those documents "are integral to the complaint and authentic." Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Plaintiff is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Defendants' Motion to Dismiss, such action may result in the conversion of the motion for judgment on the pleadings to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to the Motion to Dismiss. <u>Plaintiff's failure to respond may result in granting a judgment on the pleadings for Defendants, that is, in the dismissal of the Complaint with prejudice</u>.

The Clerk is directed to send copies of this Order and Notice to the parties, including Damien Derale Watson, Inmate No. 290559, Mecklenburg County Jail, Post Office Box 34429, Charlotte, NC 28234-4429.

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge